## Chicago & Alton R. R. Co. v. Mary E. Quinn.

1. CONTRIBUTORY NEGLIGENCE—*A Question of Fact.*—The question as to whether a party has been guilty of contributory negligence, is one of fact for the determination of the jury.

Trespass on the Case, for killing stock. Appeal from the Circuit Court of Madison County; the Hon. GEORGE W. WALL, Judge, presiding. Heard in this court at the August term, 1897. Affirmed. Opinion filed March 1, 1898.

TRAVOUS & WARNOCK, attorneys for appellant.

KROME & TERRY, attorneys for appellee.

MR. PRESIDING JUSTICE CREIGHTON DELIVERED THE OPINION OF THE COURT.

This was an action on the case by appellee against appellant, begun and prosecuted in the Circuit Court of Madison County.

The declaration originally consisted of three counts. A demurrer was sustained to the second count, and at the close of the evidence appellee dismissed as to the third count.

The first count charges statutory negligence on the part of the appellant in failing to properly fence its road. The case was tried by a jury. Verdict for appellee for $179.68, and for $27.08 for attorney's fee. Motion for new trial overruled and judgment rendered on the verdict. Appellant excepts, and brings the case to this court by appeal,

and urges as grounds for reversal, that appellee was guilty of such gross contributory negligence as to preclude a recovery, and that the evidence does not show that appellant's road had been open for use six months prior to the injury.

The testimony shows that in pursuance of the statutory requirement appellant had fenced, and for years maintained a fence, along its right of way between its track and appellee's pasture, and while appellee knew that at times the fence had been in bad repair, we fail to find any satisfactory evidence that at the time her horses were turned into the pasture on the occasion of the injury sued for, she knew the fence was open at the place where her horses went from her pasture onto the right of way of appellant. The testimony tends to show that the fence was constructed of posts and wire, and was at that time sufficient to turn horses and cattle, except where a water-gate had been washed out, at which place the horses in question went through. That place had been open quite a length of time, and must, by the exercise of proper diligence on its part, have been known to appellant, but it does not appear that appellee knew it, and no such duty as to diligence with respect to that fence devolved upon her as did upon appellant.

The question of whether or not appellee was guilty of contributory negligence was a question of fact for the jury to determine; the jury was properly instructed upon that issue, and the evidence, in our judgment, justifies their finding.

It is true that no witness testified in so many words that the road had been open for use six months prior to the injury, but it appears from the testimony of appellee that she had lived on the farm she occupied at the time these horses were killed, for a number of years. On cross-examination, she was asked:

"Q. You have had other stock killed on this right of way, haven't you? A. Yes, sir, at other times.

Q. How long before that? A. Well, I just don't remember; * * * I think it was in August they paid me for some they killed three years ago."

612    APPELLATE COURTS OF ILLINOIS.

There is nothing in this record tending to show that the road had not been open for use six months.

In our opinion the jury was abundantly warranted in inferring from the testimony that the road had been open for use six months prior to the injury.

During the examination in chief of this witness she was asked by her attorney: "How long has this road been open, and had it been open for more than six months before this time?" Without waiting for her answer, one of the appellant's attorneys said: "We will admit that it was open for six months before this time."

The fair interpretation of this admission, under the circumstances of its making, is that it was intended to, and did relieve appellee from the necessity of proving that averment of her declaration which she was being directed to when the admission was made. Her attorney, the jury and the judge could hardly have understood it otherwise. . There could have been no other proper purpose in making it, and we feel that it would be doing the honorable attorney who made it great injustice to assume that it was made without purpose or for an improper purpose.

The contention concerning attorney's fee, we understand from the reply brief, is abandoned. We find no substantial error in this record. The judgment of the Circuit Court is affirmed.